UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Brian Robert Ackerman** **Docket No. 4:26-CR-50-1FL**

**Petition for Action on Supervised Release**

COMES NOW Stephen W. Larson, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Brian Robert Ackerman, who, upon an earlier plea of guilty to Transport Child Pornography in violation of 18 U.S.C. § 2251A(a)(1) and (b)(1), was sentenced in the Middle District of North Carolina by the Honorable Thomas D. Schroeder, United States District Judge, on July 2, 2020, to the custody of the Bureau of Prisons for a term of 96 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 15 years.

Brian Robert Ackerman was released from custody on August 14, 2026, at which time the term of supervised release commenced.

On September 30, 2026, Transfer of Jurisdiction was received from the Middle District of North Carolina, and the case was assigned to The Honorable Louise W. Flanagan, United States District Court Judge

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive Instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week} at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try

to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that Instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall abide by the mandatory and standard conditions of supervised release.
2. The defendant shall provide any requested financial information to the probation officer.
3. The defendant shall not incur new credit charges or open additional line\ of credit without approval of the probation officer.
4. The defendant shall notify the probation officer of any material change in his economic circumstances that may affect his ability to pay restitution, a fine, or the special assessment.
5. The defendant shall participate in an evaluation and a mental health program with emphasis on sex offender treatment, and pay for treatment services, as directed by the probation officer. The defendant must submit to any risk assessments, psychological and physiological testing, which may include, but is not limited to, a Visual Reaction Time (VRT) measurement of sexual interest, and/or the use of prescribed medications, or other specific tests.to monitor the defendant's compliance, as directed by the probation officer.
6. The defendant shall submit to substance abuse testing, at any time, as directed by the probation officer. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing and inpatient/residential treatment, and pay for treatment services, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages.

7. The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement officer or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release.
8. The defendant shall not possess or use a computer, or any other means to access any 'on-line computer service' at any location (including employment) without the prior approval of the probation officer. This includes any Internet Service Provider, peer-to-peer network or file sharing programs, or any other public or private computer network. If granted access to an 'on-line computer service,' the defendant shall consent to the probation officer conducting periodic or unannounced examinations of any internet capable devices, similar electronic devices, or computer equipment, which may include hardware, software, and related computer peripherals. This may also include the removal of such equipment, when necessary, for the purpose of conducting a more thorough examination. The defendant shall not have any social networking accounts without the approval of the probation officer.
9. The defendant shall not view, purchase, possess or control any sexual explicit materials, as defined in 18 U.S.C. § 2256, including but not limited to pictures, magazines, video tapes, movies, or any material obtained through access to any computer or any material linked to computer access or use.
10. The defendant shall not have any contact, other than incidental contact in a public forum such as ordering in a restaurant, grocery shopping, etc., with any person under the age of 18 (except his children) without prior permission of the probation officer. Any approved contact shall be supervised by an adult at all times. The contact addressed in this condition includes, but is not limited to, direct or indirect, personal, telephonic, written, or through a third party. lf the defendant has any contact with any child (person under the age of 18 years old), not otherwise addressed in this condition, the defendant is required to immediately remove himself/herself from the situation and notify the probation office within 24 hours.
11. The defendant shall consent to third-party disclosure to any employer or potential employer concerning any computer-related restrictions that have been imposed upon him.
12. The defendant shall submit to polygraph testing, as directed by the probation officer.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

It is respectfully requested that the conditions of supervised release be modified to add the conditions listed below. These conditions were recommended by the treatment provider following his sex offender treatment assessment and would be beneficial towards his treatment plan. Additionally, these conditions would allow the probation officer to effectively monitor the defendant's compliance while in the community.

1. At the direction of the U.S. Probation Officer, the defendant shall consent to the installation of systems or software that will allow the probation officer or designee to monitor computer use on any computer that the defendant owns or is authorized to use. The defendant shall pay the costs of this monitoring.
2. The defendant shall not enter adult bookstores, sex shops, clubs or bars with exotic or topless dancers, or massage parlors.
3. The defendant shall not possess sadomasochistic/MASO bindings, restraints, handcuffs, etc.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above-listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/ Dewayne L. Smith
Dewayne L. Smith
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Stephen W. Larson
Stephen W. Larson
U.S. Probation Officer
150 Reade Circle
Greenville, NC 27858-1137
Phone: 252-830-2343
Executed On: October 2, 2026

**ORDER OF THE COURT**

Considered and ordered this 21st day of October, 2026, and ordered filed and made a part of the records in the above case.

Louise W. Flanagan
United States District Judge